ESTATE OF McKILLIP: STREET, Appellant, v. OWENS, Executrix, Respondent.

*No. 130. Argued November 4, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 856.)

204

For the appellant there was a brief and oral argument by *Roland J. Steinle, Jr.,* of Milwaukee.

For the respondent there was brief and oral argument by *William H. Bowman* of Milwaukee.

BEILFUSS, J. The issues may be stated in one question:

Did the parties enter into a contract enforceable as a compromise of a will contest under sec. 318.31, Stats.?

The contestant-appellant, Mary Street, is correct when she asserts, through counsel, that a motion to quash is equivalent to a demurrer.[1] Therefore the petition and the documents made a part thereof by reference must state facts sufficient to entitle the petitioner to the relief sought. The corollary rules that the facts stated in the petition are assumed to be true and entitled to liberal construction are also to be applied in ruling on a motion to quash.[2]

A brief reference to sec. 318.31, Stats., is appropriate. Prior to the enactment of sec. 318.31, Stats., in 1951, this state did not recognize contracts to compromise disputes between interested parties and legatees and devisees because they were considered to be against public policy.

Sec. 318.31 (1), Stats. 1967, provides:

"The court may authorize executors, administrators and trustees to adjust by compromise any controversy that may arise between different claimants to the estate or property in their hands to which agreement such executors, administrators or trustees and all other parties in being who claim an interest in such estate and whose interests are affected by the proposed compromise shall be parties in person or by guardian as hereinafter provided."

This court in *Estate of Jorgensen* (1954), 267 Wis. 1, 64 N. W. 2d 430, declared the statute constitutional, but held the contract to compromise did not affect the terms of the will but merely recognized the right of a legatee or devisee to dispose of all or part of his legacy or devise as a compromise with a contestant. At pages 8 and 9, it is stated:

[1] *In re Estate of Holden* (1875), 37 Wis. 98.
[2] Although the proponent-respondent, Marjorie L. Owens, did deny and controvert some of the facts alleged in the petition, and the court did find some facts that were controverted, we confine ourselves to the allegation of the petition, its incorporations, and the will.

". . . The transfer of a legacy under a will takes place at the moment of the testator's death and is from the testator to the legatee, who takes the entire legacy. Any disposition or assignment of a part or of the whole of the legacy is, thereafter, from the legatee to the contestants. Sec. 318.31 must therefore be construed merely as an authorization to the court to give validity to will-contest compromises which before the enactment of that statute were invalid in Wisconsin, and under such construction must be held to be constitutional."

Therefore, under the present law of this state, a contract between a legatee and a will contestant to compromise the dispute, if otherwise valid, is enforceable.

The trial court in its written memorandum stated: "The court concludes that neither the terms nor existence of the contract are pleaded with such certainty to state a cause of action entitling Mary to specific performance against Marjorie." We agree.

For the purpose of the motion to quash, we will assume that Marjorie L. Owens orally agreed to give Mary the items set forth in the memorandum made by Attorney Gramling on the day of the adverse examinations. The written stipulation, which was to embody those terms, goes beyond the oral agreement in several material aspects. Paragraph 3 provides that Marjorie L. Owens is to name Mary Street's children in her will as beneficiaries in an amount of at least $5,000 each. There is no comparable provision in the oral agreement.

Under the rule as set forth in *Estate of Jorgensen, supra,* the terms of the will are not altered. If this provision was to be substituted for the bequest and trust provisions of the will for the benefit of the Street children, a guardian *ad litem* would have to participate in and consent to such agreement. This was not done in this instance.

Paragraphs 5 and 6 deal with the payment of estate, gift, inheritance or succession taxes and payment of

attorneys' fees. These matters were not orally agreed to and Marjorie refused to sign or join the stipulation.

The contestant-appellant, Mary Street, contends these last two items are determined as a matter of law and that their inclusion in the stipulation is immaterial.

It is true that under the rule as set forth in *Estate of Jorgensen, supra,* inheritance and succession taxes must be paid, calculated as though the property passed according to terms of the will. This rule does not prevent a contestant and a beneficiary from agreeing between themselves for a different liability for these amounts of such taxes.

We are of the opinion that the petition, the affidavit and exhibits in support thereof do not state facts sufficient to show Marjorie L. Owens agreed to the terms of the stipulation.

In addition thereto, the stipulation or agreement was not in writing as provided in sec. 318.31 (5), Stats. 1967, nor (because it was not in writing) was the petition to the court verified as provided in sec. 318.31 (6).

The trial court did not abuse its discretion in refusing to enforce the alleged oral contract and did not err in quashing the petition.

*By the Court.*—Order affirmed.